(27 Misc. Rep. 585.)

### KENNEDY v. BRIDGMAN et al.

(Supreme Court, Special Term, Greene County. February, 1899.)

MORTGAGES—FORECLOSURE—RESALE.

On a foreclosure a junior mortgagee was made a party and served with summons, but was subsequently advised by an agent of plaintiff that nothing further would be done without notice to him. Judgment was entered, and the property sold, without such mortgagee's knowledge, for the amount of the prior mortgage. Mortgagee moved a resale, and presented a bond conditioned, on resale, to bid and pay more than the amount formerly bid. *Held*, that a resale should be ordered, but the purchaser should be reimbursed for his expenses.

Action by William Kennedy against Michael E. Bridgman and others. Motion to set aside a foreclosure sale and for a resale. Granted.

Shaw, Bailey & Murphy, for plaintiff.
Charles I. Webster, for defendant John F. Bridgman.
Joseph C. Behan, for purchaser.

CHASE, J. Plaintiff is the owner of a mortgage of $5,000 given by the defendants, Michael E. Bridgman and Ellen C. Bridgman, on certain property in Troy, N. Y. The defendant John F. Bridgman is the owner of a mortgage of $500 given by the same persons on the same property, which mortgage is a subsequent lien to that of the plaintiff's mortgage. Plaintiff commenced this action to foreclose his mortgage, and the summons and complaint were served on all the defendants. After the action was commenced, the plaintiff having left the city for the winter, the defendant John F. Bridgman had a talk with the person who has charge of plaintiff's business, and he

understood from such talk that nothing further would be done in the suit unless he (John F. Bridgman) was notified. Judgment was, however, entered in the action, and the property advertised for sale, and sold on the 18th day of February, 1899, to Patrick Farrelly for $5,515; being just sufficient to pay the plaintiff's claim and costs. The purchaser was the only bidder at the sale, other than the plaintiff's attorney. In case this sale is not set aside, the $500 mortgage of John F. Bridgman will be a total loss to him. John F. Bridgman was never notified of the proceedings subsequent to the talk with plaintiff's agent, and he did not, in fact, know of the property being advertised for sale, or that the sale was about to take place. The facts as above stated are not contradicted. Plaintiff neither asks for nor objects to a resale. John F. Bridgman asserts that the property is assessed for $6,000, and is worth $7,000, and offers to bid at least $6,100 on a resale, and presents with his papers on this motion an adequate bond, conditioned that he will, on a resale, make such bid, and that, in case the property is struck off to him, he will pay the amount so bidden. The motion is granted on condition that John F. Bridgman pay to Patrick Farrelly, or his attorney, the sum of $50, to reimburse him for moneys expended by reason of his purchase, and on the further condition that such payment be made within five days from the entry of this order, and the service of a copy thereof, with notice of entry, on each of the parties appearing on this motion.